UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELIPE PLANES,

      Petitioner,

                                    CASE NO. 2:07-CV-14000

v.                              JUDGE PAUL D. BORMAN
                                      MAGISTRATE JUDGE PAUL KOMIVES

MARY K. BERGHUIS,

      Respondent.

_____/

**REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS**
**(docket #9)**

I.     <u>RECOMMENDATION</u>: The Court should deny respondent's motion to dismiss. If the Court accepts this recommendation, the Court should order respondent to file an answer addressing the merits of petitioner's habeas claims.

II.    <u>REPORT</u>:

A.    *Procedural Background*

      Petitioner Felipe Planes is a state prisoner, currently confined at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan. Petitioner is serving a non-parolable life sentence imposed as a result of his 1991 conviction for first degree murder. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner was convicted of first degree murder and was sentenced on December 2, 1991.

- Petitioner appealed to the Michigan Court of Appeals. The court of appeals affirmed his conviction and sentence October 14, 1994.

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Supreme Court denied the application on February 9, 1996.

- On August 2, 2005, petitioner filed a motion for DNA testimony and a new trial, which the trial court characterized as a motion for relief from judgment pursuant to MICH. CT. R. 6.500-.508. The trial court denied the motion on September 21, 2005.

- Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied in a standard order on April 18, 2007.

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court, which was denied in a standard order on September 10, 2007.

On September 17, 2007, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondent filed a motion to dismiss on April 17, 2008, arguing that petitioner's habeas application is untimely. Petitioner filed a response to the motion on April 25, 2008, asserting that he is entitled to equitable tolling because he cannot read, write, or speak English and could not obtain Spanish-language assistance in preparing his state court motion for relief from judgment. For the reasons that follow, the Court should deny respondent's motion to dismiss.

B.    *Timeliness of Petitioner's Habeas Application*

Respondent argues that petitioner's application is barred by the one-year statute of limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1]Although petitioner's application is file-stamped September 21, 2007, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is dated September 17, 2007. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on September 17, 2007.

2

(A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[2]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run.  Petitioner does not argue that any of the provisions of subparagraphs (B) through (D) are applicable.  Under the ordinary starting provision of subparagraph (A), petitioner's application is untimely.  Under subparagraph (A) of § 2244(d),

a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.

In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme

---

[2]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6.  Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf. Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Petitioner's conviction became final when the 90 period for seeking *certiorari* in the United States Supreme Court expired, that is, 90 days after the Michigan Supreme Court's denial of his application for leave to appeal on February 6, 1996. Thus, the limitations period commenced on May 7, 1996, and expired one year later on May 7, 1997, absent any tolling. Because petitioner did not file his application until September 17, 2007, it is barred by the statute of limitations unless the limitations period was tolled for any reason.

Pursuant to the provisions of § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Here, petitioner filed a motion for new trial and for DNA testing, which the trial court treated as a motion for relief from judgment, in August 2005. By this time, however, the limitations period had been expired for nearly 8½ years. It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also*, *Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). By the time petitioner filed his motion for

relief from judgment, the one-year limitation period had already expired, and thus this filing cannot serve to toll the limitations period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001) (Gadola, J.). Thus, under the statute petitioner's habeas application is untimely.

C.      *Equitable Tolling*

Petitioner does not contest the foregoing calculation of the limitations period. Rather, petitioner contends that the Court should reach the merits of his claims because he is entitled to equitable tolling based on his inability to read, write, or speak English, and his inability to obtain Spanish language legal materials or assistance in pursuing his claims between the conclusion of direct review and the commencement of his postconviction proceedings.

To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). However, in determining whether summary judgment is appropriate in this habeas proceeding, the Court is bound by the ordinary rules governing summary judgment under Federal Rule of Civil Procedure 56. *See Jackson v. Straub*, 309 F. Supp. 2d 952, 956 (E.D. Mich. 2004) (Lawson, J.); *Harris v. Stegall*, 157 F. Supp. 2d 743, 746 (E.D. Mich. 2001) (Steeh, J.).

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."
FED. R. CIV. P. 56(c).  "An issue of fact is 'genuine' if the evidence is such that a reasonable jury
could return a verdict for the non-moving party."  *Hedrick v. Western Reserve Care Sys.*, 355 F.3d
444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "A fact
is material only if its resolution will affect the outcome of the lawsuit."  *Hedrick*, 355 F.3d at 451-52
(citing *Anderson*, 477 U.S. at 248).  In deciding a motion for summary judgment, the Court must
view the evidence in a light most favorable to the non-movant as well as draw all reasonable
inferences in the non-movant's favor.  *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d
603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of
material fact as to an essential element of the non-moving party's case."  *Hedrick*, 355 F.3d at 451
(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  To meet this burden, the moving party
need not produce evidence showing the absence of a genuine issue of material fact.  Rather, "the
burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district
court -- that there is an absence of evidence to support the non-moving party's case."  *Celotex
Corp.*, 477 U.S. at 325.  "Once the moving party satisfies its burden, 'the burden shifts to the
nonmoving party to set forth specific facts showing a triable issue.'"  *Wrench LLC v. Taco Bell
Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio
Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than
present some evidence on a disputed issue.  As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the
> nonmoving party for a jury to  return a verdict for that party.  If the [non-movant's]

> evidence is merely colorable, or is not significantly probative, summary judgment
> may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23;

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  Thus, "[t]he

existence of a mere scintilla of evidence in support of the non-moving party's position will not be

sufficient; there must be evidence on which the jury could reasonably find for the non-moving

party."  *Sutherland*, 344 F.3d at 613.  Thus, "a federal district court should not enter summary

judgment in a habeas case if the pleadings or papers present a genuine issue of material fact."

*Barclay v. Renico*, No. 01-CV-73138-DT, 2002 WL 1303038, at *2 (E.D. Mich. June 6, 2002)

(Duggan, J.).[3]

After applying these standards here, the Court should conclude that respondent has failed

to meet her initial burden of demonstrating–that is, pointing out to the Court–the absence of a

genuine issue of material fact with respect to petitioner's equitable tolling claim.  Respondent has

wholly failed to address the equitable tolling issue, either in her initial motion or in a reply brief.

Although a summary judgment movant has no obligation to produce evidence demonstrating her

entitlement to summary judgment, she does "bear[] the initial responsibility of informing the

district court of the basis for [her] motion, and identifying those portions of 'the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,'

which [she] believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp.*,

477 U.S. at 323 (quoting FED. R. CIV. P. 56).  Respondent has failed to do so here.

---

[3]Although styled as a motion to dismiss, resolution of respondent's motion requires the Court
to consider matters outside the pleadings, in particular the affidavits submitted by petitioner and the
state court records.  Thus, respondent's motion is appropriately treated as one for summary judgment.
*See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88
(6th Cir. 1997).

Further, even if respondent has satisfied her initial summary judgment burden, viewing the evidence in the light most favorable to petitioner, there is a genuine issue of material fact with respect to whether petitioner is entitled to equitable tolling of the limitations period.  The only evidence bearing on the issue is petitioner's own affidavit, in which he avers that he is wholly incapable of reading, writing, or speaking English, had no access to Spanish language legal materials, and attempted on numerous occasions to obtain assistance in pursuing his claims but was unable to do so, accompanied by the affidavits of other inmates averring that petitioner attempted to elicit their assistance or confirming his inability to read, write, and speak English.  Petitioner's claim is buttressed by the limited state court transcripts filed by respondent, which show that petitioner functioned at sentencing solely through a court interpreter.  Because respondent has not addressed this issue or submitted any evidence to the contrary, under the ordinary summary judgment rules the Court must, for purposes of deciding respondent's motion, accept as true petitioner's averments.

And those averments, if true, establish entitlement to equitable tolling.  In *Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002), the court held that "[a]n inability to speak, write and/or understand English, *in and of itself*, does not *automatically* give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims," and therefore that "where a petitioner's alleged lack of proficiency in English has not prevented the petitioner from accessing the court, that lack of proficiency is insufficient to justify equitable tolling." *Id*. at 444 (emphasis added).  The language used by the court makes clear, however, that equitable tolling may be appropriate based on a prisoner's lack of proficiency in English, where this lack has in fact "prevented the petitioner from accessing the court."  *See Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (non-English-

8

speaking prisoner entitled to equitable tolling where he can "demonstrate that during the running of the AEDPA time limitations, he was unable, despite diligent efforts, to procure either legal materials in his own language of translation assistance from an inmate, library personnel, or other source.").

In *Cobas*, the court found that the petitioner had failed to meet this burden because the evidence in the record indicated that the petitioner had written "a detailed letter to his appellate attorney in English in which he discussed complex legal issues in detail" and was able to file various post conviction motions. Here, on the contrary, nothing in the record as it now stands belies petitioner's averment that he is completely unable to communicate in English and was unable to obtain assistance in pursuing his claims. The record also shows that, once petitioner apparently obtained that assistance, he acted diligently, timely filing his state court post-conviction motion and related appeals, and filing his habeas application 11 days after his application for leave to appeal was denied by the Michigan Supreme Court. Thus, on the record currently before the Court, there remain genuine issues of material fact with respect to whether petitioner is entitled to equitable tolling of the limitations period.

If the Court accepts this recommendation, the Court should order respondent to file a response addressing the merits of petitioner's claims. Although a conclusion that genuine issues of material fact remain with respect to the equitable tolling issue leaves the limitations issue unresolved, a resolution of that issue would likely require further extensive proceedings, most likely through an evidentiary hearing. Petitioner's application itself, on the contrary, presents relatively straightforward issues. Although a procedural issue such as the statute of limitations should ordinarily be resolved first, the statute of limitations is not jurisdictional, and "judicial economy

sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999) (internal citations omitted).   In the present case, because of the complexities involved, it appears to be simply easier and more judicially efficient to adjudicate petitioner's claims on the merits "than to untangle the complexities of the timeliness issue." *Jones v. Bowersox,* 28 Fed. Appx. 610, 611 (8th Cir. 2002).   Accordingly, if the Court accepts this recommendation, the Court should order respondent to file an answer addressing the merits of petitioner's claims.  *See Erwin v. Elo*, 130 F. Supp. 2d 887, 890-91 (E.D. Mich. 2001) (Tarnow, J.).

D.     *Conclusion*

In view of the foregoing, the Court should conclude that genuine issues of material fact remain with respect to whether petitioner is entitled to equitable tolling of the limitations period, and that respondent is therefore not entitled to judgment as a matter of law on that issue.   Accordingly, the Court should deny both respondent's motion for summary judgment.   If the Court agrees with this recommendation, the Court should order respondent to file an answer addressing the merits of petitioner's habeas claims.

III.     <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   Filing of objections which raise some issues but fail to raise others with specificity, will not

preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 3/23/09

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record  by electronic means or U.S. Mail on March 23, 2009.

s/Eddrey Butts
Case Manager

11